# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| R. FRANCIS DiPRETE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15CV00034 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| 950 FAIRVIEW STREET, LLC, ET AL., | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*R. Francis DiPrete, Pro Se Plaintiff; Robert T. Copeland, Copeland Law Firm, P.C., Abingdon, Virginia, for Defendants Michael Stramiello and 950 Fairview Street, LLC.*

In this contractual dispute, defendants Michael Stramiello and 950 Fairview Street, LLC, have moved to dismiss pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. For the following reasons, I will dismiss one of the plaintiff's claims entitled "Bad Faith Breach," but I will otherwise deny the defendants' motions.

I.

The following facts are taken from the plaintiff's pro se Complaint and attached documents, which facts I am bound at this point to accept as true.

The plaintiff alleges that he entered into a consulting agreement with the defendants for the purpose of redeveloping real property located at 950 Fairview Street in Bristol, Virginia. He asserts that defendant Michael Cosola is the owner of that property, while defendant Stramiello has "a beneficial ownership in the property." (Compl. ¶ 7, ECF. No 1.) Defendant 950 Fairview Street, LLC ("950 Fairview") is an entity that appears to have existed for the purpose of advancing the business interests associated with the property.

The plaintiff claims that the consulting agreement began on June 1, 2011, and continued until July 31, 2013. While the plaintiff attached a copy of a written agreement to his Complaint, he agrees that it was never signed by the parties. The plaintiff alleges that he nonetheless fulfilled his duties under the agreement.

The plaintiff says that the consulting agreement mandated that he was to be paid $6,000 per month for his consulting services during each month of the contractual period. He also claims that he accrued $18,170.82 in expenses while working for the defendants, and that the consulting agreement required him to be reimbursed for those expenses. Lastly, he alleges that he was promised a 15 per cent ownership stake in the property to compensate for the defendants' failure to timely pay him the other amounts due.

The plaintiff filed his Complaint on June 29, 2015, asserting separate claims for breach of contract, bad faith breach of contract, and establishment of a constructive trust on the subject property and its proceeds.

The defendants previously moved for dismissal under Rule 12(b)(5); they argued that there had been insufficient service of process and a failure to timely effectuate process. The pro se plaintiff admitted that proper service had not been effected in a timely manner, so I granted him an extension until February 15, 2016, to effect such service. I later extended the deadline for effecting service to February 29, 2016. The record shows that defendant Stramiello was served on February 24, 2016 with two summonses. One of these summonses was addressed to him, while the other was addressed to 950 Fairview.

II.

Stramiello and 950 Fairview separately argue that dismissal is appropriate under Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. I will address each of these arguments in turn.

A.

Defendant Stramiello first argues that this court is without subject-matter jurisdiction because the applicable statute of limitations prohibits part of the plaintiff's claim, thereby destroying diversity jurisdiction by making this controversy worth less than $75,000. *See* 28 U.S.C.A. § 1332.

Challenges to jurisdiction under Rule 12(b)(1) may be raised via both facial challenges and factual attacks. *See Thigpen v. United States,* 800 F.2d 393, 401 n.15 (4th Cir. 1986). In this case, Stramiello mounts a facial challenge, so the court must proceed as it would on a motion to dismiss for failure to state a claim under Rule 12(b)(6) and accept the allegations in the Complaint as true. *See id.*

Stramiello asserts that any payments that were due to the plaintiff prior to June 28, 2012, are now barred by the statute of limitations because the plaintiff did not file an action for those amounts within three years of them becoming due, as required by Virginia law. *See* Va. Code § 8.01-246(4). Even if Stramiello's interpretation of the statute of limitations is correct, that interpretation only eliminates a portion of the contractual period for which the plaintiff seeks relief. The period of the alleged contract that ran from June 29, 2012, until July 31, 2013, is undisturbed by Stramiello's statute of limitations argument. Accepting the plaintiff's allegations as true, that undisturbed period of roughly 13 months would entitle him to approximately $78,000 in damages. While other portions of the plaintiff's claim (such as his request for unreimbursed travel and expenses) might also survive the statute of limitations argument, the 13-month-long contractual

-4-

period that is undisturbed by the statute of limitations is enough for the plaintiff's claim to satisfy the diversity requirement.[1]

### B.

Defendant 950 Fairview next claims that it was never served in this action, and thus argues that it should be dismissed pursuant to Rule 12(b)(2). While 950 Fairview acknowledges that Stramiello was served on February 24, 2016, it says that he was only served in his individual capacity, and not as the trustee in dissolution of 950 Fairview.

The record shows that Stramiello was served with two summonses on February 24, 2016. (ECF Nos. 26, 27.) One was addressed to 950 Fairview, while the other was addressed to Stramiello. Both were filed with the clerk's office the next day. According to the website for the Virginia State Corporation Commission, Stramiello is the registered agent for 950 Fairview.

A corporation can be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent." Fed. R. Civ. P. 4(h)(1)(B). The summons filed at ECF No. 26 is clearly addressed to 950 Fairview. That summons goes on to indicate that it was to be delivered to the care of "Robert Copeland, Esq., Agent." (ECF No 26, p. 3.)

---

[1] The defendants do not dispute that there is complete diversity of citizenship. According to the Complaint, the plaintiff is a resident of Rhode Island, while defendants Stramiello and 950 Fairview are residents of Virginia, and defendant Cosola is a resident of New Jersey.

Rule 4 is to be liberally construed. *See Karlsson v. Rabinowitz*, 318 F.2d 666 (4th Cir. 1963). Even if 950 Fairview's arguments demonstrate some technical defect with the service, I find that the summons received by Stramiello was sufficient to put 950 Fairview on notice and satisfy Rule 4. *See Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994) ("Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice.") I will therefore deny 950 Fairview's Renewed Motion to Dismiss in its entirety.

C.

Lastly, defendant Stramiello moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the plaintiff has failed to state any valid causes of action against him.

In deciding whether a complaint will survive a Rule 12(b)(6) motion to dismiss, the court evaluates it and any documents attached or incorporated by reference. *Sec'y of State for Def. v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In ruling, the court must regard as true all of the factual allegations contained in the complaint, *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007), and must view those facts in the light most favorable to the plaintiff, *Christopher v. Harbury,* 536 U.S. 403, 406 (2002). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U .S. 232, 236 (1974).

Stramiello's first 12(b)(6) argument is that the plaintiff's entire action is barred by the Virginia Statute of Frauds. Stramiello supports his argument by citing to a subsection, which provides that

> [u]nless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought in any of the following cases:
> . . . .
>
> 4. To charge any person upon a promise to answer for the debt, default, or misdoings of another. . . .

Va. Code Ann. § 11-2 (4).

In relying on this part of the Statute of Frauds, Stramiello misconstrues the plaintiff's Complaint, which states that "Defendants Stramiello and Cosola, purportedly through 950 Fairview Street, LLC, contracted with Plaintiff Diprete to provide consulting services to aid in the prosecution of their business objectives." (Compl. ¶ 9, ECF No 1.) In other words, the plaintiff alleges that Stramiello was an original party to the contract — he does not base his claim against Stramiello

Case 1:15-cv-00034-JPJ-PMS   Document 39   Filed 05/31/16   Page 7 of 10   Pageid#: 115

on some separate promise to satisfy 950 Fairview's debts. As such, the Statute of Frauds does not require that the plaintiff support his claim with written evidence. While Stramiello might have a legitimate argument that any actions taken by him were only taken in his capacity as a representative of 950 Fairview, thereby negating any personal liability, that dispute cannot be decided at the motion to dismiss stage.

Stramiello next argues that the plaintiff's claim for a bad faith breach of contract is not a valid claim under applicable law. On this point, Stramiello is correct — Virginia does not recognize any such cause of action. The crux of the plaintiff's allegation in this regard is that not only did the defendants breach the alleged contract, but that they did so in bad faith. The Complaint says that this bad faith is evidenced by the defendants' refusal to "either communicate or cooperate with Plaintiff's multiple efforts to resolve this dispute." (Compl. ¶ 19, ECF No 1.) The facts alleged by the plaintiff here do not give rise to any cause of action other than the plaintiff's breach of contract claim.

Similarly, Stramiello asks me to dismiss the plaintiff's claim to establish a constructive trust. A constructive trust "arises by operation of law, independently of the intention of the parties, in order to prevent what otherwise would be a fraud." *Crestar Bank v. Williams,* 462 S.E.2d 333, 335 (1995) (citing *Leonard v. Counts,* 272 S.E.2d 190, 195 (1980)). Stramiello correctly asserts that, "[a]

constructive trust, however, is an equitable remedy that courts of equity may impose whenever necessary to prevent a failure of justice. An equitable remedy such as a constructive trust is not in and of itself a cause of action but rather remedies for stated causes of action." *Khader v. Hadi Enters.*, No. 1:10-CV-1048 (JCC/IDD), 2010 WL 5300876, at *5 (E.D. Va. Dec. 22, 2010) (internal quotation marks, citations, and emendation omitted). I will recognize the plaintiff's claim for a constructive trust only as a possible remedy, not as a separate cause of action. In doing so, I decline to dismiss that portion of the Complaint.

Lastly, Stramiello argues that the plaintiff's breach of contract claim against him should fail because the plaintiff has not pleaded sufficient facts to hold Stramiello liable for breach of contract. Stramiello argues that the plaintiff's facts alleged demonstrate that only 950 Fairview and Cosola received benefit from the plaintiff's work. However, the Complaint alleges that Stramiello either owns or has a "beneficial ownership" in the subject property, and that Stramiello contracted with the plaintiff in an effort to better that property. (Comp. ¶¶ 6-9, ECF No 1.) These facts are enough to support a cognizable claim at stage of the case.

III.

For the foregoing reasons, defendant 950 Fairview's Renewed Motion to Dismiss (ECF No. 31) is **DENIED** and defendant Stramiello's Motion to Dismiss

(ECF No. 30) is **GRANTED IN PART AND DENIED IN PART**. The claim contained in the Complaint based on bad faith breach of contract is **DISMISSED** and otherwise the Motion to Dismiss is **DENIED**. Prior motions (ECF Nos. 4, 7, and 17) are **DENIED** as moot.

      ENTER: May 31, 2016

      /s/ James P. Jones
      United States District Judge