# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **R. FRANCIS DiPRETE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15CV00034 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **950 FAIRVIEW STREET, LLC, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*R. Francis DiPrete, Pro Se Plaintiff; R. Lucas Hobbs, Elliott Lawson & Minor, P.C., Bristol, Virginia, for Defendant Michael Cosola.*

In this diversity action for damages and equitable relief, the plaintiff alleges that the defendants breached a consulting agreement with him when they failed to deliver the agreed-upon compensation. One of the defendants, Michael Cosola, has moved for summary judgment. Reviewing the evidence in the light most favorable to the plaintiff, I conclude that the Motion for Summary Judgment must be granted.

I.

In his Complaint, the plaintiff, R. Francis DiPrete, a lawyer representing himself, relying on a written, but unsigned, Consulting Agreement prepared by him (the "Agreement"), contends that it was agreed that he would provide consulting services for a project to develop real property located at 950 Fairview Street in

Bristol, Virginia (the "Property"). He alleges that he has provided such services but has not been provided the agreed-upon compensation. Specifically, DiPrete alleges that the defendants failed to pay twenty-six months' worth of consulting fees and travel expenses accrued pursuant to the Agreement and failed to convey their promised "additional compensation of ownership of 15% (fifteen percent) of the finished project value." (Compl. ¶¶ 11-13, 15, ECF No. 1.) DiPrete argues that the defendants' failure to deliver this compensation constitutes a breach of the Agreement because, "[a]lthough the written Consulting Agreement was never executed, [he] substantially performed his obligations pursuant to [its] terms" and the defendants "received and accepted [his] work and work product, without objection." (*Id.* at ¶ 17.) He seeks compensatory damages as well as a constructive trust that reflects his equitable ownership interest in the Property. In addition to Cosola, DiPrete sues two other defendants: 950 Fairview Street, LLC and Michael Stramiello.

Cosola has moved for summary judgment on the ground that he had no legally enforceable obligation to DiPrete under the Agreement and thus "DiPrete has no valid claim against him." (Def.'s Mem. Supp. Summ. J. 1, ECF No. 59.) DiPrete has responded, opposing summary judgment on the ground that there exist genuine disputes of material fact precluding such judgment. Cosola's motion is

ripe for decision, having been fully briefed by the parties.[1] For the reasons stated below, I will grant Cosola's Motion for Summary Judgment.

The undisputed facts, taken from the Complaint and the summary judgment record, are as follows.

The Agreement itself identifies Stramiello as the "Principal" and was sent by DiPrete to three entities: Stramiello; 950 Fairview Street, LLC; and Stramco, LLC. The Agreement contains signature lines for Stramiello and DiPrete, but it was never executed. (Compl. Ex. A, ECF No. 1-1; Compl. ¶ 17, ECF No. 1.) It does not contain signature lines for Cosola or either of the LLCs.

"950 Fairview Street, LLC" ("950 LLC I") was formed in 2005. Its existence was terminated, and its records purged, sometime after June 1, 2011. (Def.'s Mem. Supp. Summ. J. 2, ECF No. 59.) A separate and legally distinct entity, "950 Fairview Street LLC" ("950 LLC II"), was formed in the fall of 2014.[2] While Cosola does have some ownership interest in 950 LLC II, he was not a legal owner or member of 950 LLC I, the LLC that is a listed recipient of the Agreement and a named defendant in this action. (*Id.*; *see also* Pl.'s Mem. 2, ECF No. 71

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not significantly aid the decisional process.

[2] The absence of a comma between "Street" and "LLC" in the name of this second entity is the only name-related factor distinguishing the two LLCs. The defendant in DiPrete's suit, and the named recipient of the Agreement, is 950 LLC I. Public records available on the Virginia State Corporation Commission's website indicate that the second LLC has since been cancelled.

-3-

(asserting that Cosola had an undocumented "ownership interest" in 950 LLC I only as an "equitable beneficiary," and conceding that Cosola "did nothing 'with or through'" 950 LLC I).)

Prior to the events giving rise to this action, Cosola was the owner of the Property. In 2014, it appears he contracted with Stramiello to transfer ownership of the Property to 950 LLC II in exchange for certain actions by Stramiello or "an LLC which he controlled." (Pl.'s Mem. Ex. B, 4, ECF No. 71-3.) However, the relationship between Cosola and Stramiello deteriorated, and in January 2016, Cosola filed suit against Stramiello and other defendants in state court.

## II.

### A. Applicable Law.

Federal Rule of Civil Procedure 56(a) requires a court to grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must view all facts in the light most favorable to the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the *non-movant* is to be believed, and all justifiable inferences are to be drawn in his favor." (emphasis added)); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157-58 (1970) ("[T]he

material [the *movant*] lodged must be viewed in the light most favorable to the opposing party." (emphasis added)).

In Virginia, an action for breach of contract has three elements: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004). Here, Cosola bases his Motion for Summary Judgment on the first element, arguing that, because he was "not a party to any consulting agreement or other contract with [DiPrete]," he "cannot be held liable for breaching any such agreement." (Def.'s Mem. Supp. Summ. J. 3, ECF No. 59.) Because Cosola's legally enforceable obligation, or lack thereof, under the Agreement is clearly material, *see Anderson*, 477 U.S. at 248 (classifying as material "facts that might affect the outcome of the suit under the governing law"), I focus my analysis on whether there is a genuine dispute as to this obligation.

A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the court does not resolve the dispute itself; instead, it finds only that there is sufficient evidence of the dispute requiring that "the parties' differing versions of the truth" be resolved

at trial. *Id.* at 248-49 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

The party seeking summary judgment bears "the burden of showing the absence of a genuine issue as to any material fact." *Adickes*, 398 U.S. at 157. However, the party opposing summary judgment must nevertheless "properly address [the movant]'s assertion of fact" in order to proceed to trial. Fed. R. Civ. P. 56(e). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth *specific facts* showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (internal quotation marks and citations omitted) (emphasis added). Importantly, evidence of these specific facts must be both part of the record and admissible at trial. Fed. R. Civ. P. 56(c); *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, *in the form of admissible evidence*, that could carry the burden of proof of his claim at trial." (emphasis added)).

B.  Analysis.

Viewing the facts in the light most favorable to DiPrete, I conclude that there is no genuine dispute as to whether Cosola has a legally enforceable obligation to DiPrete. Although DiPrete claims that Cosola is bound by the

Agreement through his agent, Stramiello, he has not set forth specific admissible evidence of this allegation sufficient to show a genuine issue for trial.

*1. DiPrete's Complaint.*

In his Complaint, DiPrete alleges that he contracted with both Stramiello and Cosola, "purportedly through 950 Fairview Street, LLC." (Compl. ¶ 9, ECF No. 1.) However, the Agreement, which is attached to the Complaint as an exhibit, does not list Cosola as a recipient or signatory, and Cosola's name does not appear in the text of the Agreement. Although "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," Fed. R. Civ. P. 10(c), "in the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c) . . . the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991). Thus, despite DiPrete's claim that he contracted with both Stramiello and Cosola, the Agreement does not, on its face, make Cosola a party to the contract. Instead, DiPrete's claim against Cosola is based on DiPrete's allegation that "[a]ll [sic] all times relevant hereto, Stramiello acted as an agent for Cosola." (Compl. ¶ 5, ECF No. 1.) As I explain below, however, DiPrete has not alleged specific, admissible facts regarding the agency relationship between Stramiello and Cosola sufficient to defeat Cosola's motion for summary judgment.

### 2. *Cosola's Motion.*

In Cosola's brief supporting his Motion for Summary Judgment, he lists four specific "undisputed facts," which he argues "establish that neither [he] nor any entity with which he was or is affiliated was ever a party to any contract with DiPrete." (Def.'s Mem. Supp. Summ. J. 2, ECF No. 59 (emphasis omitted).) First, Cosola states that he "was not the named principal, person, or party with whom DiPrete allegedly contracted" and that the Agreement "provides for no work to be done for Cosola, . . . does not require him to pay any compensation to DiPrete . . . [and] makes absolutely no mention of Cosola." (*Id.* at 1.) Second, Cosola asserts that he "never entered into any agreement with DiPrete." (*Id.* at 2.) Third, he states that he "never had any ownership or other interest in" 950 LLC I and that he "never took any action through" 950 LLC I. (*Id.*) Finally, he asserts that while he does "have an ownership interest in" 950 LLC II, this LLC was not established until 2014, "more than three years after the alleged commencement of [the Agreement] in June 2011." (*Id.*)

Because Cosola cites to specific parts of the record in asserting these facts, his motion is properly supported.

### 3. *DiPrete's Response.*

Because Cosola has properly supported his Motion for Summary Judgment, DiPrete must set forth specific, admissible facts showing that there is a genuine

issue in order to proceed to trial. *Anderson*, 477 U.S. at 248; Fed. R. Civ. P. 56(c). In order to do so, he must "cit[e] to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).[3] He fails to do so.

DiPrete claims that "the evidence to be adduced at trial will establish" certain facts. (Pl.'s Mem. 1, ECF No. 71.). However, in making this claim, he does not cite specific portions of the record. Instead, he makes general references to facts that may or may not exist in the record. For example, DiPrete claims he can prove that Stramiello acted as Cosola's agent using testimony given by Stramiello "in open Court in this case." (*Id.*) He also claims that the Agreement was an incomplete encapsulation of the terms of the consultancy, "as asserted by Plaintiff under oath" in the "recent Evidentiary Hearing" and "as referred to in the Discovery papers in this case." (*Id.*) Such claims, if true, could support DiPrete's assertion that the fact of Stramiello's agency — and thus Cosola's liability — is genuinely disputed. However, the Rule expressly requires citations to the record, which DiPrete has failed to provide.

DiPrete also fails to show that the evidence he purports to present would be admissible at trial; instead, he relies heavily on his own assertions. For example,

---

[3] DiPrete could also defeat Cosola's properly supported motion by "showing that the materials cited [by Cosola] do not establish the absence of . . . a genuine dispute, or that [Cosola] cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). However, because he has not attempted to argue that Cosola has failed to meet his burden of showing the absence of a genuine dispute of fact, I will not address these methods here.

he claims to have "first-hand information that Stramiello acted with broad authority over the Property," and he says he "is aware of circumstances under which Stramiello signed legal documents on Cosola's behalf," but he makes no additional allegations regarding the source or form of this information. (*Id.* at 1 n.1.) Additionally, in his Affidavit, he "assert[s] that Defendant Cosola provably benefited . . . from [DiPrete's] services" and says "it is [his] impression that . . . Stramiello had absolute general agency authority to bind Defendant Cosola and did so." (DiPrete Aff. ¶¶ 4-5, ECF No. 71-1.) Such assertions and impressions, without more, are not themselves admissible, and DiPrete has not argued that he will be able to support them with evidence in a form admissible at trial.

Finally, DiPrete attempts to refute Cosola's assertion that he had no interest in 950 LLC I by claiming that "Cosola [must have] had a significant ownership interest in [950 LLC I]" as an "equitable beneficiary" on the basis that "[a]ny other interpretation of this arrangement" would be illogical. (Pl.'s Mem. 2, ECF No. 71.) This assertion, without more, is speculative and thus inadmissible. Furthermore, DiPrete directly contradicts this assertion when he concedes that it is "accurate, on the face of it, to argue that Cosola did nothing with or through [950 LLC I]." (*Id.*)

-10-

C. Conclusion.

Where a party "fails to properly support an assertion of fact," the court may "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e). Because the Motion for Summary Judgment is properly supported, and because the plaintiff has failed to properly support the facts that he asserts are in genuine dispute, I will grant the defendant's motion.[4]

III.

For the reasons stated, I conclude that Cosola has shown that there is no genuine dispute as to any material fact and that he is therefore entitled to judgment as a matter of law. It is accordingly **ORDERED** that the defendant's Motion for

---

[4] DiPrete is proceeding as a pro se plaintiff. Although pro se litigants are typically entitled to lenient treatment, such leniency is unnecessary where the pro se plaintiff is himself an attorney. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (observing that the Court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers"); *see also, e.g.*, *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008) (finding the district court did not abuse its discretion by denying special consideration to pro se plaintiffs who were also practicing attorneys); *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001) (declining to construe pro se pleadings liberally where the pro se plaintiff was a licensed attorney); *Godlove v. Bamberger, Foreman, Oswald, & Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) (stating that although courts ordinarily "treat the efforts of *pro se* applicants gently . . . a *pro se* lawyer is entitled to no special consideration"); *Harbulak v. Cty. of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981) (stating that plaintiff "is a lawyer and, therefore . . . cannot claim the special consideration which the courts customarily grant to pro se parties"); *Gordon v. Gutierrez*, No. 1:06CV861, 2006 WL 3760134, at *1 n.1 (E.D. Va. Dec. 14, 2006) (noting that because plaintiff was an attorney, "she [wa]s not entitled to the liberal construction of pleadings ordinarily afforded *pro se* litigants"). Because DiPrete is an attorney, I do not believe any special consideration or leniency is warranted here.

Summary Judgment (ECF No. 58) is GRANTED. The Clerk shall terminate Cosola as a party to this action.

                                ENTER: October 21, 2016

                                /s/ James P. Jones
                                United States District Judge